IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Davanta T. Johnson,                     )<br>                                                      )<br>            Plaintiff,              )<br>                                                      ) Civil Action No. 2:23-318-BHH<br>v.                                                 )<br>                                                      ) **ORDER**<br>Bryan Stirling, Mr. Charles Williams,   )<br>John Palmer, Amy Enloe,           )<br>                                                      )<br>            Defendants.          )<br>_____) | |

This matter is before the Court upon the Plaintiff's pro se complaint, filed pursuant to 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 636(b)(1) and Local Rule 73.02(B)(2)(e), D.S.C., the matter was referred to a United States Magistrate Judge for preliminary determinations.

On March 7, 2023, Magistrate Judge Mary Gordon Baker issued a report and recommendation ("Report") analyzing the matter and recommending that the Court grant Defendants' motion to dismiss based on Plaintiff's failure to exhaust his administrative remedies. In the alternative, the Magistrate Judge recommends that the Court grant in part and deny in part the motion to dismiss, based on Plaintiff's failure to sufficiently allege certain claims. Attached to the R&R was a notice advising the parties of the right to file specific, written objections to the Report within fourteen days of being served with a copy.

On March 21, 2023, Defendants filed objections to the Report; however, Defendants object only to the Magistrate Judge's alternative recommendation and do not object to the Magistrate Judge's recommendation that the Court dismiss this matter based on Plaintiff's failure to exhaust his administrative remedies. (ECF No. 16 at 1.) Importantly, Plaintiff has

not filed any objections to the Magistrate Judge's Report.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, however, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no party has objected to the Magistrate Judge's first recommendation–that the Court dismiss this matter based on Plaintiff's failure to exhaust his administrative remedies–the Court reviews that issue for clear error. After review, the Court finds no clear error and agrees with the Magistrate Judge's analysis. As the Magistrate Judge explained, failure to exhaust is an affirmative defense, and Defendants have submitted an affidavit outlining the records pertaining to grievances filed by Plaintiff within the South Carolina Department of Corrections. Further, as the Magistrate Judge also explained, Plaintiff does not acknowledge Defendants' exhaustion argument, even though Plaintiff attached to the complaint several request to staff forms, and the complaint admits that Plaintiff's "Step 1 Step 2 [sic] grievance was returned . . . ." (ECF No. 1-1 at 8.)

Based on the fact that Plaintiff's complaint discusses the filing of grievances and Plaintiff does not dispute Defendants' account of grievance history, the Court finds that the Magistrate Judge properly considered the exhaustion evidence without converting the motion into one for summary judgment. *See York v. Scott*, No. 1:20-cv-718-RMG-SVH, 2020 WL 8455048, at *4 (D.S.C. July 30, 2020) (considering similar exhaustion evidence on a Rule 12(b)(6) motion to dismiss and recommending dismissal based on plaintiff's failure to exhaust his administrative remedies), *adopted by*, 2021 WL 210851 (D.S.C. Jan. 21, 2021); *Dyke v. McCree*, No. 6:19-cv-1521-TMC-KFM, 2019 WL 6703910, at *4 (D.S.C. Oct. 29, 2019) (considering similar exhaustion evidence on a Rule 12(b)(6) motion to dismiss and recommending "the moving defendants are entitled to dismissal from the case based upon the plaintiff's failure to exhaust his administrative remedies"), *adopted by*, 2019 WL 6700240 (D.S.C. Dec. 9, 2019); *Strickland v. Creel*, No. 9:18-cv-0819-BHH-BM, 2019 WL 2028773, at *2 n.4 (D.S.C. Feb. 19, 2019) ("Although this is a Motion to Dismiss, the undersigned can consider this [exhaustion] evidence in issuing this Report and Recommendation.") (collecting cases), *adopted by*, 2019 WL 2026843 (D.S.C. May 8, 2019); *see also Custis*, 851 F.3d at 362 ("Thus, *Moore* narrowly addresses—and correctly upholds—courts' ability to dismiss complaints for failure to exhaust administrative remedies when the defendants raise the issue as an affirmative defense and the inmate has had an opportunity to respond to the affirmative defense.")

Furthermore, after review, the Court agrees with the Magistrate Judge that the record shows that Plaintiff did not appeal his returned Step 1 grievances, and Plaintiff has not offered any explanation for this or asserted that Defendants played any role in his failure to exhaust his administrative remedies. Therefore, the Court finds no clear error in

3

the Magistrate Judge's recommendation that this matter be dismissed based on Plaintiff's failure to exhaust his administrative remedies.  Accordingly, the Court adopts this portion of the Magistrate Judge's Report and need not reach the remaining issues.  (*See* ECF No. 12 at 1-8.)

Accordingly, it is hereby **ORDERED** that the Magistrate Judge's Report (ECF No. 12) is adopted in part, as outlined above, and the Court hereby grants Defendant's motion to dismiss (ECF No. 6) insofar as the Court dismisses this action without prejudice based on Plaintiff's failure to exhaust his administrative remedies.

**IT IS SO ORDERED**.

/s/Bruce H. Hendricks
United States District Judge

July 14, 2023
Charleston, South Carolina